IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUANITA PALACIOS<br><br>Plaintiff<br><br>vs.<br><br>FIRSTBANK PUERTO RICO<br><br>Defendant | Civil No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

Comes now Plaintiff, Juanita Palacios ("Mrs. Palacios"), represented by her undersigned counsel and very respectfully alleges and prays as follows:

1. This Court has federal jurisdiction based upon the "Age Discrimination in Employment Act" ("ADEA"), 29 U.S.C. 621 et seq., as amended.

2. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1337 in that the matter in controversy arises under an Act of Congress regulating commerce and relating to age discrimination and retaliation and it exceeds the sum and value of $75,000.00. In addition, jurisdiction arises under 28 U.S.C. §§ 2201 and 2202.

3. Also, the Court's supplementary jurisdiction to entertain local law claims arising under the same set of operative facts is hereby invoked. The local claims in this action are based upon: Law No. 100 of June 30th, 1959, as amended, P.R. Laws Ann. tit. 29, §§ 146 et seq. ("Law 100"); "Puerto Rico Unjust Dismissal Act," Law No. 80 of May 30th, 1976, as amended, P.R. Laws Ann. tit. 29, § 185(e) ("Law 80"); Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann., tit 31, §§ 5141 and 5142.

4. The necessary procedural and administrative requirements to bring this action have been satisfied.

5. The proper venue is in this Court.

6. Plaintiff is of legal age and is a U.S. citizen with residence in Puerto Rico.

7. Mrs. Palacios is an individual covered and protected by the federal and local legislation invoked in this action. She was fifty-nine (59) years old when she was fired by Defendant.

8. Defendant, First Bank Puerto Rico ("Defendant"; "Employer"), was at all relevant times Mrs. Palacios' employer as defined by the federal and local laws invoked in this action.

9. Mrs. Palacios worked for Defendant for more than twenty-three (23) years. In the months before her termination, Palacios occupied the position of Programming Supervisor as well as that of Requirement Manager ("Gerente de Requerimientos"). Defendant, however, transferred her out of the Requirement Manager position one month prior to being fired and then fired her under the guise of a company restructuring, alleging that her position as Programming Supervisor in System Support was being eliminated. Defendant, however, did retain the Requirement Manager position which it provided to a younger individual.

10. Mrs. Palacios was illegally terminated from her employment on July 2nd, 2010. She was terminated due to her age in violation of the ADEA and Puerto Rico Discrimination Law.

11. Mrs. Palacios was performing well at the time she was terminated.

12. Mrs. Palacios was age fifty-nine (59) at the time of her termination. The reason articulated for her termination was false and thus, a pretext to cover up age discrimination. The employer's stated reason for the termination was a corporate reorganization. Nevertheless, there

were alternate job opportunities made available to younger and less senior employees. Said opportunities were not tendered to Mrs. Palacios. Also, the Defendant retained younger and less senior employees than Palacios.

13. Palacios's functions were needed at First Bank and are still being performed by other employees after her termination. Palacio's functions are being performed by younger and less senior employees.

14. First Bank Puerto Rico's conduct was willful and in reckless disregard of Mrs. Palacio's federally and locally protected rights. Thus, liquidated and/or punitive damages are hereby requested.

15. Mrs. Palacios suffered past, present, and future damages, including economic damages (in the form of loss of income and benefits), forfeiture of accrued benefits, and compensatory damages such as mental suffering and anguishes with manifestation of, among others, bodily injury, sickness or disease as a result of the Defendant's conduct.

16. Palacios demands trial by jury in all causes of action.

WHEREFORE, it is respectfully requested from this Honorable Court:

A. To enter declaratory judgment stating that the acts complained herein are in violation of ADEA, Puerto Rico Law 80, 100, 115, Articles 1802 and 1803 of the Puerto Rico Civil Code.

B. That plaintiff be compensated for all her economic and mental suffering and anguishes, and other damages mentioned in this Complaint, in a sum not less than $1,000,000.

C. The compensatory, punitive, liquidated, and any other type of damages applicable be imposed.

D. That damages be doubled as mandated by local law.

E. That attorney's and expert fees be awarded.

F. That pre-judgment and post judgment interests be imposed.

    **G.**    That cost and all litigation expenses be taxed.

    **H.**    That Mrs. Palacios be reinstated to her position under conditions were her rights are not violated, and restitution of loss benefits.  If reinstatement is not practicable, then that Mrs. Palacios be awarded front-pay.

    **I.**    That back-pay be awarded.

    **J.**    That all benefits lost be compensated.

    **K**.    That injunctive relief be ordered.

    **L.**    That plaintiff be granted such other further relief as may be deemed appropriate and proper, including an order directing Defendant to cease following a practice adverse to ADEA.

In San Juan, Puerto Rico, this May 5th, 2011.

RESPECTFULLY SUBMITTED,

WE HEREBY CERTIFY that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

    S/ <u>Enrique J. Mendoza Mendez</u>
    Enrique J. Mendoza Mendez
    USDC-PR 202804

    ***MENDOZA LAW OFFICES***
    P.O. Box 9282
    San Juan, P.R. 00908-0282
    Tel. (787) 722-5522; 5530; 5540
    Fax. (787) 723-7057
    E-mail:  <u>mendozalo@yahoo.com</u>